UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA CASTILLO, an individual,<br><br>      Plaintiff,<br><br>  - against -<br><br>ORIGINS NATURAL RESOURCES INC.,<br><br>      Defendant. | 2:17-cv-07221 (JMA) (AKT) |

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Origins Natural Resources Inc. ("**Defendant**") hereby answers the Complaint of Plaintiff Rebecca Castillo ("**Plaintiff**") and asserts its affirmative defenses as follows:

## **INTRODUCTION**

1. Answering Paragraph 1, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

2. Answering Paragraph 2, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

3. Answering Paragraph 3, Defendant admits that Plaintiff brings a civil rights action against Defendant, but denies that Defendant violated any civil rights and denies any remaining allegations contained therein.

4. Answering Paragraph 4, Defendant denies the allegations therein.

5. Answering Paragraph 5, Defendant admits that Plaintiff seeks injunctive relief,

but denies that any such relief is appropriate in this action and denies any remaining allegations of said paragraph.

## JURISDICTION AND VENUE

6. Answering Paragraph 6, Defendant admits that Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332, and that the Court has subject-matter jurisdiction over such claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181; however, Defendant asserts that upon disposition of Plaintiff's ADA claims, the Court will be divested of jurisdiction over this Action.

7. Answering Paragraph 7, Defendant admits that Plaintiff brings the claims asserted therein and that, so long as Plaintiff's ADA claims are viable, this Court has supplemental jurisdiction over said claims.

8. Answering Paragraph 8, Defendant admits that it is subject to personal jurisdiction in this District.

9. Answering Paragraph 9, Defendant admits that venue in this Court is proper at this time.

## PARTIES

10. Answering Paragraph 10, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

11. Answering Paragraph 11, Defendant admits that its products are available for purchase on its website. Defendant denies the remaining allegations of said paragraph.

12. Answering Paragraph 12, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the

allegations contained therein.

13. Answering Paragraph 13, Defendant denies the allegations contained therein.

14. Answering Paragraph 14, Defendant denies the allegations contained therein.

## THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET

15. Answering Paragraph 15, Defendant admits that the Internet is a significant source of information for sighted, blind, and visually-impaired persons alike, and denies any remaining allegations of said paragraph.

16. Answering Paragraph 16, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

17. Answering Paragraph 17, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

18. Answering Paragraph 18, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

19. Answering Paragraph 19, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

20. Answering Paragraph 20, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

21. Answering Paragraph 21, Defendant lacks sufficient knowledge or information to

form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

22. Answering Paragraph 22, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

23. Answering Paragraph 23, such paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

24. Answering Paragraph 24, such paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

25. Answering Paragraph 25, such paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

26. Answering Paragraph 26, such paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

**DEFENDANT'S FAILURE TO MAKE ITS WEBSITE
ACCESSIBLE AND PLAINTIFF'S ATTEMPTS TO ACCESS**

27. Answering Paragraph 27, Defendant admits that its products are available for purchase on its website, www.origins.com, and denies any remaining allegations therein.

28. Answering Paragraph 28, Defendant admits that its products are available for purchase on its website, and denies any remaining allegations therein.

29. Answering Paragraph 29, Defendant admits that its products are available for

purchase on its website, and denies any remaining allegations therein.

30. Answering Paragraph 30, Defendant denies the allegations contained therein.

31. Answering Paragraph 31, Defendant denies the allegations contained therein.

32. Answering Paragraph 32, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

33. Answering Paragraph 33, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

34. Answering Paragraph 34, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

35. Answering Paragraph 35, Defendant denies the allegations contained therein.

36. Answering Paragraph 36, Defendant denies the allegations contained therein.

37. Answering Paragraph 37, Defendant denies the allegations contained therein.

38. Answering Paragraph 38, Defendant denies the allegations contained therein.

39. Answering Paragraph 39, Defendant denies the allegations contained therein.

40. Answering Paragraph 40, Defendant denies the allegations contained therein.

41. Answering Paragraph 41, Defendant denies the allegations contained therein.

42. Answering Paragraph 42, Defendant admits only that its website is accessible in all material respects. Defendant denies the remaining allegations of said paragraph.

43. Answering Paragraph 43, Defendant denies the allegations contained therein.

44. Answering Paragraph 44, Defendant denies the allegations contained therein.

45. Answering Paragraph 45, Defendant denies the allegations contained therein.

46. Answering Paragraph 46, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the authority cited therein.

47. Answering Paragraph 47, Defendant admits that Plaintiff seeks injunctive relief, but denies any such relief is appropriate in this case, and further denies any remaining allegations of said paragraph.

48. Answering Paragraph 48, Defendant admits that Plaintiff seeks injunctive relief, but denies any such relief is appropriate in this case, and further denies any remaining allegations of said paragraph.

49. Answering Paragraph 49, Defendant admits only that its website is accessible in all material respects. Defendant denies the remaining allegations of said paragraph.

50. Answering Paragraph 50, Defendant denies the allegations of said paragraph.

51. Answering Paragraph 51, Defendant denies the allegations of said paragraph.

## COUNT I
### [VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT]

52. Answering Paragraph 52, Defendant hereby incorporates by reference each admission, denial and each denial on information and belief, as well as all explanations regarding those allegations made in response to all previous paragraphs as though fully set forth herein.

53. Answering Paragraph 53, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

54. Answering Paragraph 54, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the

allegations contained therein.

55. Answering Paragraph 55, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

56. Answering Paragraph 56, Defendant admits that its products are available for purchase on its website, and denies any remaining allegations therein.

57. Answering Paragraph 57, Defendant admits that its products are available for purchase on its website, and denies any remaining allegations therein.

58. Answering Paragraph 58, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

59. Answering Paragraph 59, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

60. Answering Paragraph 60, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

61. Answering Paragraph 61, Defendant denies the allegations contained therein.

62. Answering Paragraph 62, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

63. Answering Paragraph 63, Defendant denies the allegations contained therein.

64. Answering Paragraph 64, Defendant denies the allegations contained therein.

65. Answering Paragraph 65, Defendant admits that Plaintiff seeks the relief described in said paragraph, but denies that Plaintiff is entitled to any such relief and denies any remaining allegations of said paragraph.

WHEREFORE, Defendant prays for judgment as hereinafter set forth.

### COUNT II
### [VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*]

89. Answering Paragraph 89, Defendant hereby incorporates by reference each admission, denial and each denial on information and belief, as well as all explanations regarding those allegations made in response to all previous paragraphs as though fully set forth herein.[1]

90. Answering Paragraph 90, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

91. Answering Paragraph 91, said paragraph contains legal conclusions and argument as to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

92. Answering Paragraph 92, Defendant denies the allegations contained therein.

93. Answering Paragraph 93, Defendant denies the allegations contained therein.

94. Answering Paragraph 94, Defendant denies the allegations contained therein.

95. Answering Paragraph 95, Defendant denies the allegations contained therein.

96. Answering Paragraph 96, Defendant denies the allegations contained therein.

WHEREFORE, Defendant prays for judgment as hereinafter set forth.

### AFFIRMATIVE DEFENSES

---

[1] Plaintiff's Complaint skips from paragraph number 65 to paragraph number 89, so Defendant's Answer reflects the numbering of the Complaint to maintain consistency between the pleadings.

Without admitting any of the allegations of the Complaint, Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

## ACCOMMODATIONS NOT REQUIRED BY THE ADA

1. Plaintiff's Complaint fails to state any claim upon which relief may be granted against Defendant, including, but not limited to, Plaintiff's Complaint seeking accommodations that exceed the requirements of the ADA and the ADA Accessibility Guidelines and ignoring the accommodations that already exist. Plaintiff seeks to hold Defendant to conformity with standards are not adopted under Title III of the ADA. Instead, the only applicable standards for communicative channels are effective communication pursuant to 26 C.F.R. § 36.303, a standard which Defendant meets.

## SECOND AFFIRMATIVE DEFENSE

## DUE PROCESS

2. Plaintiff's claims and the relief sought constitute a violation of due process because of the lack of promulgated regulatory authority and lack of clarity as to accessibility standards that might be applicable to websites. Plaintiff seeks to have the court subject Defendant to vague, private standards that fail to give Defendant proper legal notice of the regulations that purportedly govern its conduct under the law. As explained by the recent Central District of California opinion in *Robles v. Dominos Pizza LLC*, United States District Court, Central District of California, Case No. 16-cv-06599-SJO (SPx), Doc No. 42, "[A] lack of formal guidance in this complex regulatory arena places those subject to Title III [of the ADA] in the precarious position of having to speculate which accessibility criteria their websites and

9

mobile applications must meet." (Emphasis added). The Court in *Robles v. Dominos* dismissed the action to avoid a due process violation arising from the lack of clear accessibility standards applicable to websites.

### THIRD AFFIRMATIVE DEFENSE
### MOOTNESS

3. Plaintiff's claims are barred, in whole or in part, because Defendant's website and website policies, practices and procedures conform to applicable laws and regulations, thereby rendering Plaintiff's ADA claims moot and divesting this Court of subject matter jurisdiction over Plaintiff's remaining state law claims. *See Wander v. Kaus*, 304 F.3d 856 (9th Cir.2002) (Remanding action to state court following dismissal of ADA claims as moot; holding that federal question jurisdiction is not created over state law claims merely because a violation of federal law is an element of the state law claim).

### FOURTH AFFIRMATIVE DEFENSE
### RIPENESS

4. Plaintiff's claims are barred under the ripeness doctrine because the Department of Justice has not promulgated any regulations addressing website accessibility for public accommodations.

### FIFTH AFFIRMATIVE DEFENSE
### *DE MINIMUS* DEVIATIONS

5. Defendant alleges Plaintiff's Complaint as a whole, and the claims for relief contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de minimus* deviations from applicable access laws, codes, regulations or guidelines or are within design tolerances.

## SIXTH AFFIRMATIVE DEFENSE

## PRIMARY JURISDICTION DOCTRINE

6.     Plaintiff's claims are barred under the primary jurisdiction doctrine because Plaintiff's claims require the resolution of issues that have been placed within the special competence of the Department of Justice, which has not issued regulations addressing website accessibility.  *See Robles v. Dominos Pizza LLC*, No. CV 16–06599 SJO (SPx), 2017 WL 1330216, at *8 (C.D. Cal. March 20, 2017) (Dismissing ADA claims based on website accessibility pursuant to the primary jurisdiction doctrine; holding that resolution of the question was within the special competence of the Department of Justice).

## SEVENTH AFFIRMATIVE DEFENSE

## SEPARATION OF POWERS

7.     Plaintiff's claims are barred by the doctrine of separation of powers because Plaintiff cannot request that this Court bypass the Department of Justice's Congressionally-mandated rulemaking process by imposing vague, private standards that lack any legal or regulatory foundation, and because there is no evidence that Congress intended that such a legal standard should be applied.

## EIGHTH AFFIRMATIVE DEFENSE

## NOT A PUBLIC ACCOMMODATION

8.     Plaintiff's claims are barred because the Website is not a public accommodation as that term is defined by 42 U.S.C. § 12181(7) because it is not an actual physical place or structure.

///

///

## NINTH AFFIRMATIVE DEFENSE

## GOOD FAITH

9.  Defendant has acted reasonably and in good faith at all times material to Plaintiff's Complaint based on all relevant facts, law and circumstances known by Defendant at the time that Defendant acted.

## TENTH AFFIRMATIVE DEFENSE

## AUXILIARY AIDS AND SERVICES

10.  Plaintiff's claims are barred because Defendant has developed reasonable alternative accommodations for visually impaired individuals through, among other things, Defendant's provision of the assistive technology of the Essential Accessibility application, which is an appropriate auxiliary aid and service.

## ELEVENTH AFFIRMATIVE DEFENSE

## COMPLIANT POLICY

11.  Plaintiff is not entitled to any relief sought because it is, and has been, Defendant's policy to comply with the ADA and any related regulations or guidelines.

## TWELFTH AFFIRMATIVE DEFENSE

## REASONABLE PORTION OF WEBSITE ACCESSIBLE

12.  Defendant is informed and believes and thereon alleges that the Website does not violate any codes, laws, regulations or provisions alleged in Plaintiff's Complaint by reason that a reasonable portion of the Website and accommodations normally sought and used by the public are accessible to and useable by persons with disabilities.

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

### READILY ACHIEVABLE

13. To the extent that Plaintiff requests modifications or accommodations that are not technically feasible, Plaintiff's claims are barred, in whole or in part, pursuant to 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv). Defendant does not assert the defense of lack of financial readily achievability.

## FOURTEENTH AFFIRMATIVE DEFENSE

### ACTIONS OF THIRD PARTIES

14. Although Defendant denies any wrongdoing, to the extent that Defendant is deemed to not be in compliance with the ADA or related regulations or guidelines, any such noncompliance was caused by third parties that are outside of the direct, day-to-day control of Defendant such as problems with Plaintiff's computer device or third-party content.

## FIFTEENTH AFFIRMATIVE DEFENSE

### ARTICLE III STANDING

15. Plaintiff has not incurred any actual damages or injury. Plaintiff having suffered no concrete harm, this Court lacks Article III standing to hear this case.

## SIXTEENTH AFFIRMATIVE DEFENSE

### REMEDY NOT REQUIRED BY LAW

16. Plaintiff's claims are barred, in whole or in part, to the extent that the claim, remedy or relief requested is not authorized or required by the ADA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### FUNDAMENTAL ALTERATIONS

17. Any modification and/or barrier removal Plaintiff has demanded is subject to the

defense of "fundamental alteration" under 42 U.S.C. §§ 12182(b)(2)(A)(ii), (b)(2)(A)(iii) in that Plaintiff's requested relief will fundamentally alter the nature of the goods and services that Defendant offers.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## EQUIVALENT FACILITATION

18. Plaintiff's claims are barred because Defendant has developed reasonable alternative accommodations and equivalent facilitations for visually impaired individuals through, among other things, offering assistive technologies and the implementation of telephonic assistance to provide customers with availability to information, products and services and thereby achieving effective communication.

## NINETEENTH AFFIRMATIVE DEFENSE
## NO IRREPARABLE INJURY

19. Plaintiff's claim for injunctive and other equitable relief is barred because Plaintiff will not suffer any irreparable injury if injunctive or other equitable relief is denied.

## TWENTIETH AFFIRMATIVE DEFENSE
## UNDUE BURDEN AND HARDSHIP

20. Plaintiff's claims are barred, in whole or in part, because the requested relief imposes an undue burden or hardship pursuant to 42 U.S.C. § 12182(b)(2)(A)(iii), as Plaintiff seeks to require Defendant to modify its website after alterations have already been voluntarily made such that the website is accessible to and usable by individuals with disabilities, including individuals who are visually impaired.

///

///

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### WEBSITE ACCESSIBLE

21.     Plaintiff's claim for attorneys' fees, costs, and litigation expenses is barred, in whole or in part, by mootness and/or lack of subject matter jurisdiction to the extent that the Website is accessible to individuals with disabilities, including individuals who are blind or visually impaired, or will become accessible to those individuals during the pendency of this litigation and prior to the Court granting Plaintiff any relief.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### FAILURE TO REQUEST REASONABLE POLICY MODIFICATIONS

22.     To the extent that Plaintiff's claims relate to a modification in Defendant's policies, practices, and procedures, Plaintiff's claims are barred because Plaintiff failed to request a reasonable policy modification.

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent through pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests this Court grant the following relief:

1.     That the Complaint be dismissed, with prejudice and in its entirety;

2.     That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3.     That Defendant be awarded its costs incurred in defending this action;

///

///

    4.    That Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: San Francisco, California
       January 25, 2018

JEFFER MANGELS BUTLER & MITCHELL LLP

By:   */s/ Matthew S. Kenefick*

Matthew S. Kenefick
Admitted Pro Hac Vice
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111-3813
Tel: (415) 398-8080
Fax: (415) 398-5584
mkenefick@jmbm.com

Robert J. deBrauwere
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
(212) 421-4100
rdebrauwere@pryorcashman.com

*Attorneys for Defendant Origins Natural Resources Inc.*